

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00145-CR

_____

MICHAEL ALLEN DUPLER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 114th District Court
Smith County, Texas
Trial Court No. 114-1351-17

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Michael Allen Dupler pled guilty to possession of a controlled substance[1] and was placed on four years' deferred adjudication community supervision. Subsequently, the State filed a motion to adjudicate guilt, alleging that Dupler had violated the terms and conditions of his community supervision by failing to participate in the drug or alcohol abuse continuum of care treatment plan as developed by the DEAR Unit.[2] Dupler pled true to this alleged violation, and following the presentation of evidence, the trial court in Smith County[3] entered a judgment adjudicating guilt and sentencing Dupler to twenty months in a state jail facility. Dupler appeals.

Dupler's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. Because counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced, that action meets the requirements of *Anders v. California*. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High*

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

[2]The DEAR Unit is a community corrections recovery facility.

[3]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

*v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel forwarded copies of his brief and motion to withdraw to Dupler and informed him of his rights to review the appellate record and to file a pro se response to counsel's brief, should he so desire.  Additionally, counsel provided Dupler with a motion to obtain access to the record. By letter dated September 3, 2019, this Court advised Dupler that the signed motion for access to the record was due on or before September 18, 2019.  By letter dated October 7, 2019, Dupler was advised that his pro se response was due on or before November 6, 2019.  By letter dated November 18, 2019, Dupler was advised that the case would be submitted on December 9, 2019. Dupler did not file the motion for access to the record, a pro se response, or a motion requesting an extension of time in which to file either the motion or the response.

We have determined that this appeal is wholly frivolous.  We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment.  *Id.*

We affirm the judgment of the trial court.[4]


Josh R. Morriss, III
Chief Justice

Date Submitted:    December 9, 2019
Date Decided:      December 13, 2019

Do Not Publish

---

[4]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.